PER CURIAM:
Claimant Regina Hess brought this action for damage to her 1987 Mercedes 300 after encountering an area of broken pavement on US Route 11 in Berkeley County.
Ms. Hess and her husband together own Bucky’s Limited Auto Body, Inc., which is the titled owner of the vehicle. The Court, on its own motion, amended the claim to reflect the proper parties.
The incident giving rise to this action occurred on October 2, 1996, at approximately 6:30 p.m. Ms. Hess was driving northbound on US Route 11 between Inwood and Barkesville. The evidence adduced at hearing was that as Ms. Hess proceeded around a turn, her vehicle encountered an area of broken pavement along the edge of the road along the berm and shoulder. *40 Both passenger-side wheels and tires were damaged as a result. Ms. Hess submitted into evidence a repair estimate, generated from her own company, in the amount of $1,190.80 together with a towing bill of $90.00. The claimant’s insurance deductible was $1,000.00.
Ms. Hess testified that the vehicle caught the edge of the pavement as she came around the bend in the road. She estimated her speed at between 35 and 40 miles per hour. There was no evidence that she was forced onto the berm because of oncoming traffic. Route 11 in this area in a two-line paved road that is first priority in terms of maintenance. Photographs introduced by the claimant showed that the drop-off from the pavement to the gravel berm was approximately four to five inches deep and proceeded along the road for several yards. The evidence established that the respondent was aware that other vehicles had failed to negotiate the turn and had crossed onto the berm and shoulder. It was the respondent’s position that the principal cause of these accidents was excessive speed. The posted speed limit as 40 miles per hour. The shoulder area wa; subsequently paved.
It is the general rule that in order to hold the respondent liable for damage caused by a roac defect, the claimant must prove by a preponderance of the evidence that the respondent had actúa or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon v. Dept. q Highways, 16 Ct. Cl. 127 (1986). It is also well established that where a claimant proceeds ontc the berm of his own accord, that he takes the berm in the condition he finds it. Mesisenhelder vs Dept. of Highways, (CC-88-149), unpublished opinion issued August 10, 1990. The evideno established that the respondent was aware of the road defect giving rise to this claim. However the Court is also on the opinion that Ms. Hess was 40 percent at fault for failing to maintai. control of her vehicle. Accordingly, based on the principles of comparative negligence, the Coui does hereby make an award in the amount of $600.00
Award of $600.00